UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **CV 15-8901 JFW (AFMx)**                                               **Date:** November 23, 2015

Title     **THR California, L.P. v. Jackie Thao McDaniel; Anthony W. Headen; Does 1 to 10**

Present: The Honorable:  John F. Walter, U.S District Judge

| Julieta Lozano | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** (In Chambers)        **ORDER REMANDING MATTER TO STATE COURT**

　　This is the second time that Defendant Anthony Headen has removed the unlawful detainer complaint filed against him in state court by Plaintiff THR California L.P.  The first case in this Court was CV 15-8580 JFW (AFMx), which Judge Walter remanded for lack of jurisdiction on November 5, 2015.  (ECF No. 7.)  Defendant Headen's second case in this Court (CV 15-08901) involves a removal of the same state court unlawful detainer suit (identified in both notices of removal as 15-U-11163) and the same property (10520 S. Saint Andrews Place, Los Angeles California).  It is therefore subject to remand to state court for the same reasons that Judge Walters set out in his remand order in CV 15-8580.

　　The only new information provided by Defendant Headen in his second notice of removal is an additional argument based on two district court decisions: *HMB Acquisition Corp. v. Cohen*, 143 F.R.D. 50 (S.D.N.Y. 1992), and *In re State of Texas*, 110 F. Supp. 2d 514 (E.D. Tex. 2000).  Neither of those cases, however, provides a basis for federal jurisdiction over the unlawful detainer case here.  The two cases cited by Headen involve removal of state court discovery proceedings, where the discovery matters involved disputes (or potential disputes) over which the federal court determined it had jurisdiction.  In *HMB Acquisition*, the pre-suit discovery involved a potential RICO claim, leading the district court to conclude: "it is appropriate to recognize a RICO pre-action discovery claim as a claim 'arising under' the text and purpose of RICO for purposes of 28 U.S.C. §1131." 143 F.R.D. at 52.  Similarly, in *In re State of Texas*, a state discovery petition was removed, where the discovery concerned fee arrangements with private counsel in class action tobacco litigation previously resolved by the federal court.  The district court concluded that it had jurisdiction under the All Writs Act because the goal of the intended discovery was to potentially undermine rulings made by the court in the tobacco litigation and its settlement, over which the court had expressly retained jurisdiction.  110 F. Supp. 2d at 528-30.  The present case, by contrast, is a state law unlawful detainer case.  It is not a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **CV 15-8901 JFW (AFMx)**                                      **Date:** November 23, 2015

Title       **THR California, L.P. v. Jackie Thao McDaniel; Anthony W. Headen; Does 1 to 10**

discovery proceeding that could lead to, or directly implicate, an action based on a federal question. There is simply no federal question presented on the face of Plaintiff's complaint and thus no federal question jurisdiction.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Moreover, as stated in the first remand order, it is clear from the face of the complaint that the amount of damages claimed is far less than the $75,000 statutory minimum, and Defendants have made no plausible allegations how those damages could meet or exceed that minimum.  Accordingly, Defendants have again failed to meet their burden of showing that federal jurisdiction exists.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.


cc:  Pro Se Defendants


      **Initials of Preparer**        jloz